John P. ROMAN

v.

Lieutenant General H. H. CRITZ, Commanding General, Fourth United States Army, Fort Sam Houston, Texas.

Civ. A. No. 68–212–SA.

United States District Court
W. D. Texas,
San Antonio Division.

Oct. 3, 1968.

Stewart J. Alexander, San Antonio, Tex., for petitioner.

Warren N. Weir, Asst. U. S. Atty., San Antonio, Tex., Major Leonard G. Crowley, Judge Advocate General's Corps, Fourth United States Army, Fort Sam Houston, Tex., for respondent.

## MEMORANDUM OPINION

SPEARS, Chief Judge.

This action was brought by petitioner, John P. Roman, who sought release from

the United States Army by writ of habeas corpus. Named as respondent was Lieutenant General H. H. Critz, Commanding General, Fourth United States Army, Fort Sam Houston, Texas.

The petitioner contended that the respondent was unlawfully retaining him on active duty in the United States Army. He alleged his term of service expired on July 15, 1968, and although he was and is fully qualified to receive discharge as of the date of his petition, September 3, 1968, he has not been issued same and is being held in arrest, detention and restraint by the respondent. Petitioner further alleged that said unlawful retention on active duty purports to be pursuant to paragraph 2–4a of Army Regulation No. 635–200,[1] as changed by Change 3, but that the United States Army failed to follow the procedures set forth therein to retain petitioner in a military status beyond July 15, 1968, in that the commander exercising general court-martial jurisdiction over him did not act to retain petitioner on active duty on or before July 15, 1968, as required by the regulation, thus depriving petitioner of his liberty contrary to law.

The respondent contended that the petitioner was being properly retained in the active military service of the Army inasmuch as court-martial jurisdiction having properly attached, the petitioner's amenability to military law and court-martial jurisdiction did not cease with the mere expiration of his period of enlistment and he remains fully subject to the Uniform Code of Military Justice (10 U.S.C. §§ 801–940). The respondent alleged that action with a view to trial because of offenses committed by the petitioner was initiated prior to the date when he normally would have been released from active duty. Respondent further alleged, therefore, that court-martial jurisdiction over the petitioner and the offenses properly attached prior to the expiration of the petitioner's term of service and the petitioner, not having been released, is legally retained in the service as a member of the Army, and his military status continues through all phases of the court-martial proceedings, including appellate review, even though his normal term of service has expired.

Petitioner is now a Private (E–2) in the United States Army, assigned to Company A, First Battalion, United States Army Medical Field Service School, Brooke Army Medical Center, Fort Sam Houston, Texas. He enlisted in the Regular Army for three years on July 16, 1965. Under the terms of enlistment and the provisions of the Universal Military Training and Service Act, 62 Stat. 604 (1948), 50 U.S.C. App. § 451 et seq., as amended by the Reserve

---

1. The Secretary of the Army has promulgated administrative regulations which prescribe procedures for the separation of enlisted personnel. Chapter 2 of Army Regulation No. 635–200, entitled "Separation of Enlisted Personnel", as changed by Change 3, dated December 22, 1967, pertinently provides:

"2–4. *When investigation is initiated with a view to trial by court-martial or member is awaiting trial or result of trial. a.* A commander exercising general court-martial jurisdiction is authorized to retain a member beyond the expiration of his term of service when—

(1) An investigation of his conduct has been initiated with a view to trial by court-martial, and

(2) Investigation was initiated prior to expiration of term of service, and

(3) Flagging action under AR 600–31 has been accomplished.

*b.* An individual who, on the date on which he would otherwise be eligible for discharge or release from active duty, is awaiting trial or result of trial by court-martial will not be discharged or released from active duty until final disposition of the court-martial charges. For effective date of discharge, see section V, this chapter. Enlisted personnel under sentence to dishonorable or bad conduct discharge will not be discharged prior to completion of appellate review, unless so directed by Headquarters, Department of the Army. If the individual is absent without leave at the time appellate review is completed, the punitive discharge may be executed notwithstanding his absence."

Forces Act of 1955, 69 Stat. 602, 50 U.S.C. App. § 454(d) (3), the petitioner was obligated to serve on active duty for three years from the date of enlistment, and, upon release from active duty, if qualified, to be transferred to the Army Reserve to complete a six year obligation. The petitioner was scheduled for release from active service on July 15, 1968.

During the early morning hours of July 8, 1968, Government quarters at Fort Sam Houston, Texas, were burglarized and property belonging to the occupant stolen therefrom. During the evening of July 8, 1968, an assault and battery was committed on a female military dependent when she was entering her Government quarters at Fort Sam Houston, Texas. Investigations into these offenses were initiated by military police criminal investigators on July 8, 1968. The petitioner was apprehended as a suspect in the assault and battery offense by military policemen on patrol in the vicinity of the place where this offense occurred a short time after the offense was reported.

On July 9, 1968, after being advised of his rights and informed that he was suspected of having committed the offense of assault upon a female, the petitioner made a sworn statement in which he denied that he had committed this offense. On that same date, after becoming a suspect of the burglary and larceny offenses committed on July 8, 1968, the petitioner, after having been advised of his rights and waiving such rights, was placed in a line-up conducted by criminal investigative personnel and was identified by the victim of the burglary and larceny offenses. Subsequently, on July 9, 1968, after being informed by Army criminal investigators that he was suspected of the offense of burglary and advised of his rights, the petitioner made a detailed statement in which he confessed that he had committed the offenses of burglary and larceny on July 8, 1968.

On July 9, 1968, the company commander of the petitioner, after having been notified of the investigations concerning the offenses involving the petitioner as a suspect, prepared a "Report For The Suspension of Favorable Personnel Actions" on DA Form 268 in accordance with Army Regulation No. 600–31. This report stated, in substance, that the petitioner was under investigation by Army criminal investigative personnel. On July 10, 1968, a supplemental report on DA Form 268 was prepared by the petitioner's company commander stating, in substance, that the petitioner was pending proceedings for trial by general court-martial after investigation by criminal investigative personnel.

The petitioner was restricted to the area of Company A, First Battalion, United States Army Medical Field Service School, Brooke Army Medical Center, Fort Sam Houston, Texas, by his commanding officer on July 10, 1968. On that same date, the petitioner's commanding officer prepared court-martial charges against the petitioner alleging two separate specifications of the offense of larceny in violation of Article 121, Uniform Code of Military Justice (10 U.S.C. § 921), and a letter of transmittal to forward the charges. These documents were not forwarded pending further investigation of other suspected misconduct on the part of the petitioner.

On July 11, 1968, orders were issued revoking prior orders dated July 9, 1968, which would have authorized release of the petitioner from active duty on July 15, 1968.

Subsequent to July 15, 1968, charges alleging burglary, larceny and assault and battery, were preferred against petitioner and processed pursuant to Article 32, Uniform Code of Military Justice (10 U.S.C. § 832). On August 26, 1968, the respondent directed that these charges be tried by general court-martial. As of the date of his petition, the petitioner was on active military service in the United States Army, awaiting trial by general court-martial on these charges.

Article 2 of the Uniform Code of Military Justice (10 U.S.C. § 802) provides in pertinent part:

"The following persons are subject to this chapter:

(1) Members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment;"

Pursuant to the authority vested in him by the Uniform Code of Military Justice, supra, the President has prescribed a Manual for Courts-Martial, United States, 1951 (Executive Order 10214, dated February 8, 1961). Paragraph 11d of the Manual provides:

"*d. Effect of termination of term of service.*—Jurisdiction having attached by commencement of action with a view to trial—as by apprehension, arrest, confinement, or filing of charges—continues for all purposes of trial, sentence, and punishment. If action is initiated with a view to trial because of an offense committed by an individual prior to his official discharge—even though the term of enlistment may have expired—he may be retained in the service for trial to be held after his period of service would otherwise have expired. See Article 2(1)."

 It is well settled that the mere expiration of a person's term of service does not automatically terminate his military status. Dickenson v. Davis, 245 F.2d 317, 319 (10th Cir. 1957), certiorari denied, 355 U.S. 918, 78 S.Ct. 349, 2 L.Ed.2d 278 (1958); United States v. Klunk, 3 USCMA 92, 11 CMR 92 (1953).

The evidence clearly establishes that action was initiated with a view to trial because of the offenses allegedly committed by the petitioner on July 8, 1968, prior to expiration of his normal term of service on July 15, 1968.

 The petitioner was apprehended by military policemen on July 8, 1968 and apprehension is one of the specific actions with a view to trial stated in paragraph 11d of the Manual,

supra. The petitioner was advised by military criminal investigators that he was suspected of the offense of burglary and assault on a female, and petitioner made sworn statements in regard to these alleged offenses on July 9, 1968. The United States Court of Military Appeals has held that informing the accused that he was being investigated for offenses for which he was later charged, and interrogation by a law enforcement agent, without incarceration, are sufficient to attach court-martial jurisdiction. United States v. Rubenstein, 7 USCMA 523, 529, 22 CMR 313, 319 (1957). The petitioner was restricted to his company area by his unit commander on July 10, 1968. Restriction to quarters or to barracks or to the company area is, in fact, arrest. United States v. Haynes, 15 USCMA 122, 124, 35 CMR 94, 96 (1964); United States v. Williams, 16 USCMA 589, 593, 37 CMR 209, 212 (1967). Placing an individual in administrative restriction is an action with a view to trial. CM 384814, Mansbarger, 20 CMR 449, 453 (1955); CM 413302, Hamm, 36 CMR 656, 659, petition for review denied, 36 CMR 541 (1966).

 It is apparent that these actions of apprehension, interrogation of the petitioner, investigation of offenses of which he was suspected, restriction of the petitioner to his company area, and the preparing of charges, all of which occurred prior to July 15, 1968, when the petitioner's period of active service would normally terminate, were taken with a view to trial and that such actions were clearly within those specified within paragraph 11d of the Manual, supra. It is equally clear that by initiation of action with a view to trial because of offenses committed by the petitioner prior to the date when he normally would have been released from active duty, court-martial jurisdiction over the petitioner and the offenses properly attached, and the petitioner, not having been released, is legally retained in the service as a member of the Army and his military status continues through all phases of the court-martial proceed-

ings, including appellate review, even though his normal term of service has expired. Article 2(1) of the Code and paragraph 11*d* of the Manual, supra. See paragraph 2–4*b* of Army Regulation No. 635–200, as changed by Change 3 (Footnote 1).

■ It should be noted that a situation where, as here, jurisdiction has already attached under the provisions of Article 2(1) of the Uniform Code of Military Justice (10 U.S.C. § 802(1)) and paragraph 11*d* of the Manual, supra, is different from one covered by paragraph 2–4*a* of Army Regulation No. 635–200 as changed by Change 3 (Footnote 1) dealing with an "investigation" instituted prior to the expiration of the term of service. When court-martial jurisdiction has already attached, retention on active duty until disposition of the offense alleged follows as a matter of law without further action by the military authorities, whereas retention beyond the expiration of the normal term of service may not follow automatically simply because an investigation of the member's conduct may have been initiated prior thereto with a view to trial by court-martial.

Being convinced that the elements of apprehension and arrest with a view to trial, as contemplated by paragraph 11*d* of the Manual, supra, are present in this case, that matters had progressed beyond the investigatory stage, and that court-martial jurisdiction had already attached prior to July 15, 1968, it is unnecessary to decide when, how, by whom, and the circumstances under which a commander having general court-martial jurisdiction may exercise his authority to retain a member beyond the expiration of his term of service, as provided for in paragraph 2–4*a* of Army Regulation No. 635–200, as changed by Change 3 (Footnote 1).

Therefore, the court finds under the undisputed facts in this case that court-martial jurisdiction over petitioner had attached prior to the expiration of his term of service, and the petitioner, not having been released, was and is legally retained in the service as a member of the United States Army, and his military status continues through all phases of the court-martial proceedings, including appellate review, even though his normal term of service expired on July 15, 1968.

It is, accordingly, ordered that the motion to quash the petition for writ of habeas corpus herein is granted, and said petition is hereby dismissed at petitioner's costs.