Robert A. GARRETT, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80-3091
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1980.

Andrew I. Brown, New Orleans, La., for plaintiff-appellant.

John P. Volz, U. S. Atty., Michaelle F. Pitard, Asst. U. S. Atty., New Orleans, La., for defendant-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

RONEY, Circuit Judge:

Robert Garrett filed a complaint against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 2671-2680, alleging that he had been illegally and negligently detained in the United States Marine Corps for two months between the expiration of his enlistment and his formal discharge. He sought compensation for lost benefits, $100,000 damages, attorney's fees and costs. The district court dismissed the complaint on the ground that the Government is not liable under the FTCA for injuries which arise out of or are in the course of activity incident to military service. *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). We affirm.

Briefly, Garrett, a member of the Marine Corps, submitted his request for reenlistment on May 16, 1974. On July 4, 1974, he was involved in an altercation with members of the Military Police. When he appeared for reenlistment on July 19, Garrett was not allowed to reenlist but instead was placed on legal hold. His prior enlistment contract was extended for an additional two months, until approximately September 19, 1974.

Although formal charges were lodged against Garrett on July 25, he was never tried and the charges against him were dropped on October 17, 1974. Garrett apparently was not then informed that the charges had been dropped and remained on legal hold until November 15, 1974. On

that day, he was told that he was no longer on legal hold and had until 1:00 p. m. to reenlist. Garrett chose not to reenlist and was honorably discharged three days later.

In sum, Garrett's enlistment contract expired on September 19, 1974, but he was neither released nor discharged until about two months later.

The FTCA provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C.A. § 2674. In *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, however, where the estate of a soldier killed in a barracks fire allegedly caused by Army negligence brought suit against the Government, the Supreme Court interpreted the statute to exclude servicemen from coverage when their claims arise out of or in the course of activity incident to military service.

■ Garrett claims that *Feres* is not applicable in this case because he was not on valid active duty at the time of the alleged wrongdoing. Plaintiff, still on active duty and subject to military jurisdiction when he was placed on legal hold, overlooks two points. First, although there are no Fifth Circuit cases directly on point, it is well established that the mere expiration of enlistment does not effect an automatic discharge. *Dickenson v. Davis*, 245 F.2d 317 (10th Cir. 1957), *cert. denied*, 355 U.S. 918, 78 S.Ct. 349, 2 L.Ed.2d 278 (1958); *Roman v. Critz*, 291 F.Supp. 99, 102 (W.D.Tex.1968). In *Dickenson v. Davis*, the plaintiff, a former prisoner of war, argued that he had regained civilian status and was not subject to military discipline at the time formal charges were lodged against him because his enlistment term had expired and his requested formal discharge had not been granted within a reasonable time after his return to the United States. The Tenth Circuit found his argument ingenious but unsound.

Service in the military, whether by enlistment or otherwise, creates a status which is not and cannot be severed by breach of contract unfortified by a proper authoritative action. *U. S. v. Grimley*, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636; see also *Morrissey v. Perry*, 137 U.S. 157, 11 S.Ct. 57, 34 L.Ed. 644; *U. S. v. Williams*, 302 U.S. 46, 58 S.Ct. 81, 82 L.Ed. 39. At the time appellant was accused he had neither been discharged in accordance with 10 U.S.C.A. § 1580 (transferred to 652a for future codification) nor had his military status been severed under other authority or by judicial action. He was a soldier, subject to the rules, discipline and jurisdiction of the Army and squarely within the provisions of Article 2 of the Uniform Code of Military Justice . . ..

245 F.2d at 319 (footnote omitted).

■ Second, one who has not been discharged is still a member of the armed services on active duty. Congress has clearly stated that an individual is not released from active military duty until he has received his discharge papers. "A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty . . . are ready for delivery to him . . .." 10 U.S.C.A. § 1168(a). Further, 10 U.S.C.A. § 802 provides that "[m]embers of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment" are subject to the Code of Military Justice.

■ Garrett relies on *Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), and *Parker v. United States*, 611 F.2d 1007 (5th Cir. 1980), in which servicemen were allowed to recover under the FTCA for injuries which occurred while on furlough from the armed forces. Garrett asserts that if claims are not barred for servicemen on furlough, they should not be barred for servicemen whose enlistments have expired, but who are illegally detained. But in both *Brooks* and *Parker*, the servicemen were injured while on leave from military duty. Their injuries were in no way related to or sustained as an incident of their military activities, nor did the

injuries arise because they were servicemen. In this case, however, plaintiff's injury did arise out of his military service. He was placed on legal hold because of his activities as a marine, and the decision to keep him on hold beyond the expiration of his enlistment contract and after formal military charges against him were dropped, whether or not negligently made, was also incident to his activities as a marine. Since plaintiff's alleged injury arose out of activity incident to his military service, we hold that his suit under the FTCA is barred by the *Feres* doctrine.

The extended discussions of the *Feres* doctrine in *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977), and *Parker v. United States*, 611 F.2d 1007, make it unnecessary to elaborate further here.

The First Circuit has recently reached the same result in a similar case. *Torres v. United States*, 621 F.2d 30 (1st Cir. 1980). The plaintiff there alleged that due to Army negligence his discharge was erroneously classified as "under other than honorable conditions," when he in fact was entitled to and later received an honorable discharge. Holding the *Feres* doctrine barred the action, the court held that plaintiff's injuries arose out of or in the course of activity incident to his service. It noted that

> discharge is incident to every soldier's military service and constitutes the final step in his active relationship with the Army. The discharge process itself is conducted by military personnel in the course of their military duties and involves an evaluation of the soldier's service and a classification of his status according to factors which are peculiar to the military nature of the relationship between the soldier and the government. . . . [T]o allow soldiers to maintain actions arising under state law for injuries allegedly stemming from discharges with which they take issue would be inconsistent with *Feres*, which rested in substantial part upon a finding that the "distinctly federal" character of the mili-

tary relationship makes inappropriate the countenancing of FTCA actions based on injuries arising out of that relationship. 340 U.S. at 145 [71 S.Ct at 159]; *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666, 671 [97 S.Ct. 2054, 2057, 52 L.Ed.2d 665] (1977).

*Torres v. United States*, 621 F.2d at 32. The court's reasoning is equally applicable to a case where the Army fails to release or discharge a soldier upon the expiration of his enlistment contract. In each case, the claim is for injuries which arise out of the military relationship.

This does not suggest that a soldier is foreclosed from legal relief if held in the military after he has met all of the requirements for discharge. *See Howe v. Laird*, 456 F.2d 233 (5th Cir. 1972); *Helwick v. Laird*, 438 F.2d 959 (5th Cir. 1971). He may not, however, sue the United States for damages *in tort* for such action under the Federal Tort Claims Act.

In light of our disposition of the case under the *Feres* doctrine, we do not reach the Government's argument that dismissal is required for failure to timely file an administrative appeal pursuant to 28 U.S.C.A. § 2401(b).

AFFIRMED.