Christopher Earl **KNIGHT**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 91–1686C.

United States Claims Court.

June 24, 1992.

---

Christopher Earl Knight, pro se.

James M. Kinsella, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. Lt. Col. W. Gary Jewel and Capt. W. Renn Gade, Dept. of the Army, Judge Advocate Gen., of counsel.

**ORDER**

NETTESHEIM, Judge.

This case is before the court on defendant's motion to dismiss. The issue to be decided is whether the court has subject matter jurisdiction over a complaint seeking pay for a period of time from the expiration of plaintiff's term of service until completion of the military appellate process. Argument is deemed unnecessary.

**FACTS**

The following facts are undisputed. Christopher Earl Knight ("plaintiff") enlisted in the United States Army Reserve (the "Army") in January 1984 at the rank of E–4. Plaintiff reenlisted on July 30, 1986, and was promoted to the rank of Staff Sergeant, 8th Military Police Company, 8th Infantry Division (Mechanized). Plaintiff subsequently extended the expiration of his term of service ("ETS") to December 29, 1990.

On a date which does not appear in the record, plaintiff was arraigned at general court-martial in Bad Kreuznach, Federal Republic of Germany, on the following offenses: 1) making a false claim against the United States in the amount of $3,573.00 for temporary duty expenses of which $1,755.00 for taxi cab rides was known to be false and fraudulent on March 2, 1990; 2) committing larceny of funds, the property of the United States valued at $1,755.00, on March 5, 1990; 3) wrongfully and unlawfully making under oath a false sworn statement regarding use of taxi services while on temporary duty at Fort Lee, Virginia, on March 13, 1990; and 4) wrongfully endeavoring to influence the testimony of a witness in an investigation into his case on an unknown date in April 1990. These offenses are in violation of articles 121, 132, and 134 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. §§ 921, 932, 934 (1988), respectively.

On November 15 and December 6, 1990, trial by general court-martial was held at Bad Kreuznach, Germany. On December 6, 1990, plaintiff, as a result of his pleas of

guilty, was convicted of the offenses with which he was charged. The presiding military judge sentenced plaintiff to confinement for 18 months, to forfeiture of $300.00 pay per month for 18 months, to reduction to the rank of private (E–1), and to a bad conduct discharge. On December 29, 1990, plaintiff's term of service expired and his pay ceased.

On March 15, 1991, the general court-martial convening authority approved plaintiff's sentence and ordered that, except for the part of the sentence extending to a bad-conduct discharge, the sentence be executed. Subsequently, pursuant to article 66 of the UCMJ, plaintiff's case was appealed to the Army Court of Military Review ("ACMR").[1] On August 20, 1991, the ACMR affirmed the findings and sentence. In a written opinion, the court held, upon consideration of the entire record, that the sentence was appropriate. Plaintiff then petitioned the United States Court of Military Appeals for a grant of review.

On December 2, 1991, the Court of Military Appeals entered an order declining to review plaintiff's case. On January 15, 1992, plaintiff's sentence was affirmed by General Court–Martial Order Number 2. Pursuant to article 71 of the UCMJ, plaintiff was discharged for bad conduct[2] and confined to the United States Army Confinement Facility in Mannheim, Germany. On January 9, 1991, plaintiff was moved to the United States Army Correctional Brigade, Fort Riley, Kansas. Plaintiff was scheduled to be released from confinement on February 14, 1992.

Plaintiff, appearing *pro se,* filed suit in the Claims Court claiming that he is still on active duty and is entitled to pay from the date of his ETS until completion of the military appellate process pursuant to 37 U.S.C. § 204.[3] Plaintiff claims that, pursuant to Army Regulation ("A.R.") 635–200 (Oct. 17, 1990), his ETS was extended to the date that the provisions of article 71 of the UCMJ were completed.[4] Plaintiff is also of the view that he cannot be released from active duty because all the conditions specified under 10 U.S.C. § 1168 have not been fulfilled.[5] Defendant contends that this court lacks subject matter jurisdiction to hear this case because plaintiff is not entitled to pay and allowances after his enlistment expired. Accordingly, defendant has moved to dismiss the complaint.

## DISCUSSION

The Claims Court's Tucker Act Jurisdiction, 28 U.S.C. § 1491(a)(1) (1988), allows the court to render judgment upon a claim based on a constitutional provision, a statute, or a regulation that creates a substantive right of entitlement to backpay. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976).

---

1. When an approved sentence includes a punitive discharge or confinement for more than one year, ACMR review of the court-martial record is mandatory. *See* 10 U.S.C. § 866.

2. Article 71(c)(1) of the UCMJ states, in pertinent part:
   If a sentence extends to ... dishonorable or bad conduct discharge and if the right of the accused to appellate review is not waived, and an appeal is not withdrawn, under section 861 of this title (article 61), that part of the sentence extending to ... dishonorable or bad conduct discharge may not be executed until there is a final judgment as to the legality of the proceedings.... A judgment as to legality of the proceedings is final in such cases when review is completed by a Court of Military Review and— ... (B) Such a petition is rejected by the Court of Military Appeals.

3. 37 U.S.C. § 204(a) provides, in pertinent part that "a member of a uniformed service who is

on active duty" and "participating in ... other full time duty ..." is "entitled to the basic pay of the pay grade to which assigned."

4. A.R. 635–200 provides:
   b. A soldier who is awaiting trial or result of trial by court-martial when he or she would otherwise be eligible for discharge or release from Active Duty will not be discharged or released until final disposition of the court-martial charges.

5. 10 U.S.C. § 1168(a) provides, in pertinent part:
   A member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative.

*See generally Jagnandan v. United States,* 17 Cl.Ct. 107, 111–12 (1989), *aff'd,* 897 F.2d 538 (Fed.Cir.1990) (table). To come within the jurisdiction of the Claims Court, plaintiff must base his claim on a statute or regulation that gives him a right to pay beyond the term of his enlistment, or, in effect, gives him a right to reenlist.

The Court of Claims in *Austin v. United States,* 206 Ct.Cl. 719, *cert. denied,* 423 U.S. 911, 96 S.Ct. 215, 46 L.Ed.2d 140 (1975), acknowledged "the cardinal principle" of its jurisprudence that jurisdiction under the Tucker Act, 28 U.S.C. § 1491, extends only to those cases in which a plaintiff can seek a money judgment. 206 Ct.Cl. at 722–23. In *Austin* an enlisted man, after discharge for misconduct, sought backpay on the ground that a Mexican conviction was an invalid basis for his discharge. Although plaintiff's term of enlistment had expired, he had delayed his discharge through legal proceedings and had been paid to his date of discharge. The court held that jurisdiction was lacking to reach the merits, even assuming that plaintiff's claim was worthy. Neither backpay nor other money compensation as damages could be awarded because backpay is confined to the current enlistment period absent a mandatory right to release.

Plaintiff advances two theories in support of his argument that the Claims Court has subject matter jurisdiction over his claim. First, plaintiff contends that he is entitled to pay pursuant to 37 U.S.C. § 204, which provides, in pertinent part, that "a member of a uniformed service who is on active duty" and "a member of a uniformed service ... participating in ... other full time duty" is "entitled to the basic pay of the pay grade to which assigned." In this regard, plaintiff asserts that, pursuant to A.R. 635–200, his ETS was extended to the date that provisions of article 71 of the UCMJ were completed. A.R. 635–200 provides, in pertinent part, that an individual who "is awaiting trial or result of trial by court-martial when he or she would otherwise be eligible for discharge or release from Active Duty will not be discharged or released until final disposition of the court-martial charges." *See supra* note 4.

Plaintiff further asserts that he cannot be released from active duty because all conditions specified under 10 U.S.C. § 1168 have not been fulfilled. Section 1168 provides that a member of the armed service may not be discharged from active duty until his discharge certificate and his final pay, or a substantial part thereof, are ready for delivery. *See supra* note 5.

Although difficult to decipher, plaintiff's second theory appears to rest on the claim that he is entitled to pay after his ETS because his confinement was for the convenience of the Government.

1. Plaintiff cites *United States v. Grimley,* 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890), and *Garrett v. United States,* 625 F.2d 712 (5th Cir.1980), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981), for the general proposition that a serviceman is entitled to pay until discharged. However, these cases are factually dissimilar in that they do not address entitlement to pay following conviction. Indeed, the Claims Court has held that when a soldier is convicted and his conviction is upheld on appeal, his entitlement to pay ceases upon the expiration of his enlistment even though he was confined on and after that date. *See Reed v. United States,* 23 Cl.Ct. 517, 520–21 (1991); *Jagnandan,* 17 Cl.Ct. at 113.

Plaintiff mistakenly refers to A.R. 635–200, which plaintiff claims when read in conjunction with 37 U.S.C. § 204 entitles him to pay. A.R. 635–200, however, does not concern pay. Rather, payment is governed by the Department of Defense Pay Manual (the "DODPM"). The DODPM states, in pertinent part: "If a member is confined serving court-martial sentence when the enlistment expires, pay and allowances end on the date the enlistment expires unless the sentence is completely overturned or set aside." Since plaintiff's sentence was neither overturned nor set aside, he is not entitled to receive pay after his ETS.

Plaintiff also contends that his active duty status extended his term of enlistment up to the date on which he would

receive his discharge certificate. In this regard plaintiff cites *Grimley* and *Garrett*, as well as 10 U.S.C. § 1168. These cases are not helpful. *Reed* held that section 1168 does not apply in the circumstances of the case at bar because "the service member's entitlement to pay ended when his term of enlistment expired," and therefore the plaintiff "could not have been on 'active duty' after his enlistment expired." 23 Cl. Ct. at 520.

2. As defendant notes, if plaintiff had been held in confinement after his term of enlistment expired in order to conduct court-martial proceedings, there would be some basis for plaintiff's argument that he was entitled to pay because his confinement was for the convenience of the Government. *See Dickenson v. United States*, 163 Ct.Cl. 512, 519–20 (1963) (confined enlisted man whose term of enlistment had expired while awaiting trial by court-martial held for the Army's convenience was entitled to pay after his enlistment had expired until his right to pay was properly terminated by convening authority).

Similarly, if the ACMR or the Court of Military Appeals had set aside plaintiff's conviction and he had been subsequently retried and convicted, plaintiff might have been entitled to pay and allowances from the date his entitlement expired to the date when his second conviction was approved. *See Rhoades v. United States*, 229 Ct.Cl.

282, 287, 668 F.2d 1213, 1216 (1982) (enlisted man who was retried after conviction was set aside on appeal entitled to pay from the date enlistment expired until date second enlistment was approved). Neither of these scenarios is applicable in the instant matter.

When plaintiff's term of enlistment expired, he was in the process of serving his sentence for the various offenses to which he pled guilty. He was not confined merely in preparation for court-martial. *See Jagnandan*, 17 Cl.Ct. at 113. Furthermore, none of plaintiff's convictions was overturned on appeal. Thus, because both plaintiff's conviction and discharge are valid, he is not entitled to pay and allowances after his enlistment expired. *Reed*, 23 Cl. Ct. at 521; *Jagnandan*, 17 Cl.Ct. at 116.

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss is granted. The Clerk of the Court shall dismiss the complaint without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.