Roger N. DESJARDINS, Plaintiff,

v.

DEPARTMENT OF the
NAVY, Defendant.

No. CV 92–3609.

United States District Court,
E.D. New York.

March 8, 1993.

Napolitano & Goldsmith, P.C. by Michael P. Goldsmith, New York City, for plaintiff.

Mary Jo White, U.S. Atty. by Jennifer C. Boal, Asst. U.S. Atty., Brooklyn, NY, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Roger N. Desjardins ("plaintiff") brings the instant action against the Department of the Navy ("defendant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff alleges that as a result of the Navy's negligence, he was arrested and confined by the Navy under charges of desertion at a time when the Navy was barred from bringing such charges against him due to the applicable statute of limitations. Now before the Court is defendant's motion to dismiss for lack of subject

matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated below, defendant's motion is granted.

## I. BACKGROUND

On or about September 11, 1981, plaintiff enlisted in the United States Navy for a period of four years. On or about October 15, 1982, as a result of a series of violations of Navy regulations committed by plaintiff, the Commanding Officer of the USS Arkansas, the ship to which plaintiff was assigned, requested permission from the Commander, Naval Military Personnel Command ("CNMPC") for authority to administratively discharge plaintiff with an Other Than Honorable discharge.

On November 3, 1982, the USS Arkansas was about to sail for the West Coast of the United States from the naval base in Norfolk, Virginia. Plaintiff alleges that on that date, the Petty Officer in the Personnel Office of the USS Arkansas informed him that his discharge was imminent and that his discharge papers would be mailed to him. Furthermore, the Petty Officer allegedly instructed plaintiff to pack his gear and leave the ship. It is undisputed that on November 3, 1982, plaintiff left the USS Arkansas, left the Norfolk Naval Base, and returned to his home in New York.

On or about November 6, 1982, CNMPC authorized an administrative discharge for plaintiff under Other Than Honorable conditions to be effected within five days of the USS Arkansas' receipt of such authorization. However, on or about November 12, 1982, the Commander of the USS Arkansas requested and received authority from the CNMPC to hold plaintiff's discharge in abeyance pending his return to military control or his being declared a deserter. Plaintiff did not return to the naval base and was eventually declared a deserter.

On or about March 20, 1988, pursuant to a request from the Navy, plaintiff was arrested at his home by the Suffolk County Police Department. The following day he was transferred to the custody of the Navy, transported to the New London Naval Submarine Base in Groton, Connecticut, and placed in pretrial confinement in contemplation of a trial on charges of desertion in violation of UCMJ Article 85. On March 29, 1988, plaintiff was released from confinement because the Navy recognized that it had not filed sworn charges against him within three years of when he first allegedly deserted, as required by 10 U.S.C. § 843(b)(1).[1] Plaintiff was then confined to the New London Naval Base until April 26, 1988, at which time he was discharged from the Navy with an Other Than Honorable discharge. During this administrative process period, plaintiff received military pay.

Plaintiff contends that the Navy's negligent record keeping caused him various injuries related to his arrest and confinement for which he now seeks more than two million dollars in damages. Defendant responds that this Court lacks jurisdiction of this case under *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) and its progeny.

## II. DISCUSSION

The United States may not be sued for damages absent a clear and unequivocal waiver of its sovereign immunity. *United States v. Nordic Village, Inc.,* — U.S. —, —, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992). The FTCA is a limited waiver of that sovereign immunity, and if a claim falls within any exception to the FTCA, sovereign immunity is not waived and federal courts lack jurisdiction to hear the case. *Dalehite v. United States,* 346 U.S. 15, 30–31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953). In *Feres,* the Supreme Court held that the government is not liable under the FTCA for injuries that

---

1. Title 10 U.S.C. § 843(b)(1) states:
   Except as otherwise provided in this section, a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command.
   (Prior to November 14, 1986, the limitation period was only three years).

"arise out of or are in the course of activity incident to [military] service." *Feres,* 340 U.S. at 146, 71 S.Ct. at 159. Though this doctrine has been subject to criticism, its continuing viability is clear. *See e.g., United States v. Johnson,* 481 U.S. 681, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987); *Sanchez v. United States,* 878 F.2d 633 (2d Cir.1989). Therefore, the question now before this Court is whether the actions alleged in plaintiff's complaint are "incident to service."

■ Pursuant to 10 U.S.C. § 1168(a), an individual is not released from active duty until he has received his discharge papers. *Garrett v. United States,* 625 F.2d 712, 713 (5th Cir.1980), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981); *see Kohn v. United States,* 680 F.2d 922, 925 (2d Cir. 1982) ("military personnel 'continued in active duty status even when they are on liberty or on leave' ") (citation omitted). Moreover, all servicemen, "including those awaiting discharge after expiration of their terms of enlistment" are subject to the Code of Military Justice. 10 U.S.C. § 802. It is undisputed that plaintiff did not receive his discharge papers until April 26, 1988. Consequently, plaintiff was subject to the jurisdiction of the Navy at the time of his arrest and confinement.

■ Several courts have found that claims for false arrest and imprisonment of servicemen who were not officially discharged or inducted are barred by the *Feres* doctrine. *Rogers v. United States,* 902 F.2d 1268, 1275 (7th Cir.1990); *Maw v. United States,* 733 F.2d 174, 176 (1st Cir.1984); *Anderson v. United States,* 724 F.2d 608 (8th Cir.1983); *Garrett,* 625 F.2d at 714; *Thompson v. United States,* 493 F.Supp. 28, 32 (W.D.Okla.1980). Furthermore, claims of negligent record-keeping on the part of the armed services have also been barred by *Feres. Torres v. United States,* 621 F.2d 30, 32 (1st Cir.1980) (alleging negligence regarding the preparation and issuance of discharge papers).

In *Rogers,* as in the instant case, the plaintiff claimed injuries as a result of desertion charges filed against him after he was allegedly given permission to leave his base prior to his official discharge from the Navy. The *Rogers* court held that until a serviceman obtains his final discharge papers he is subject to military control and military discipline. *Rogers,* 902 F.2d at 1275. The *Rogers* court also determined that

> the *Feres* doctrine is applicable, largely because a tort suit against the military for false imprisonment where the confined plaintiff has not received final discharge is the type of claim that "if generally permitted" would threaten "military discipline and effectiveness.
>
> .    .    .    .    .
>
> In this case, the fact that the Navy appears to have been remiss in its record-keeping and failure to react more quickly to the plaintiffs' predicament does not prevent the *Feres* doctrine from barring this action.

*Id.* at 1272–73 (quoting *United States v. Shearer,* 473 U.S. 52, 59, 105 S.Ct. 3039, 3043, 87 L.Ed.2d 38 (1985).

Plaintiff, apparently conceding that *Rogers* was correctly decided, admits that because Rogers had not been formally discharged from the Navy, "the Navy had an absolute right to arrest, confine and hold Rogers pending court-martial." Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss at 11. However, plaintiff attempts to distinguish *Rogers* on the ground that there was no statute of limitations problem in that case.

This distinction, however, has no bearing on the application of *Feres.* Plaintiff argues that pursuant to 10 U.S.C. § 843(b)(1), the Navy was not permitted to file desertion charges against him and that judicial review of the Navy's acts related to the filing of such charges is required in order to give meaning to the statute of limitations enacted by Congress. Plaintiff, however, cites no authority in support of this position.

■ In contrast, defendant responds that § 843(b)(1) does not prohibit the military

from bringing charges after the expiration of the statute of limitations, but merely creates a waivable defense. *United States v. Salter*, 20 M.J. 116 (CMA 1985) ("we would not impose upon an accused a waiver of the right to plead the statute of limitations in bar of trial when the record does not disclose that he was aware of that right"); *United States v. Troxell*, 30 CMR 6 (CMA 1960) (defendant's knowing failure to plead the statute of limitations constitutes a waiver). *See also* Rules for Courts–Martial 907(b)(2) (*Waivable Grounds*. A charge ... shall be dismissed upon motion made by accused ... if ... (B) The statute of limitations (Article 43) has run). This Court agrees with defendant's position regarding the waivability of the statute of limitations defense. Thus, because the Navy was not proscribed by § 843(b)(1) from bringing charges against plaintiff, *Rogers* must be considered to be directly on point.

Furthermore, even assuming *arguendo*, that § 843(b)(1) did affirmatively prohibit the Navy from filing charges against plaintiff, he would, at most, only be able to establish that the Navy was negligent in filing those charges. This circumstance would not in any way diminish the applicability of the *Feres* doctrine. Indeed, the doctrine is designed to prevent suits against the armed services by servicemen who are allegedly injured in the course of activity incident to military service due to alleged tortious acts by the armed services. *See Veloz–Gertrudis v. United States*, 768 F.Supp. 38, 41 (E.D.N.Y.1991), *aff'd*, 953 F.2d 636 (2d Cir.1991).

### III. CONCLUSION

Accordingly, for the reasons stated above, defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted.

SO ORDERED.