**Fernando GARCIA, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 02–1033C.

United States Court of Federal Claims.

July 28, 2003.

Fernando Garcia, Camp Lejeune, NC, pro se.

Wanda Rubianes–Collazo, Trial Attorney, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for defendant. With her were David M. Cohen, Director, Todd M. Hughes, Assistant Director, Robert D. McCallum, Jr., Assistant Attorney General, and Lt. Eric J. Osterhues, of counsel.

## OPINION

BRUGGINK, Judge.

This is an action for back pay by a former serviceman whose term of enlistment ended while he was confined awaiting military trial. Pending are defendant's motion to dismiss for failure to state a claim upon which relief can be granted and plaintiff's motions for summary judgment[1] and for a protective order. Oral argument is deemed unnecessary. For the reasons discussed below, plaintiff's motions are denied and defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff, Fernando Garcia, enrolled in the United States Marine Corps ("USMC") for a four year period beginning August 2, 1993. Upon the expiration of his enlistment, Garcia voluntarily extended his enlistment contract three times for a period of one month each. Garcia's final enlistment extension ended on November 10, 1997.

On October 9, 1997, approximately one month prior to the expiration of his final enlistment contract, plaintiff was taken into custody and placed in confinement. Garcia's confinement order included accusations of larceny, armed robbery, and official false statements. Plaintiff was formally charged on November 12, 1997 with six violations of the Uniform Code of Military Justice ("UCMJ"), including attempted crime, conspiracy, larceny, armed robbery, housebreaking, and general article (misconduct). Trial began on March 16, 1998 and concluded two days later. On March 18, 1998, a general court-martial found Garcia guilty on all charges and sentenced him to dishonorable discharge, 125 years confinement, forfeiture of all pay and allowances, payment of a $60,000 fine, and reduction to pay grade E–1. On September 8, 1999, the convening authority[2] affirmed the sentence, but changed the

---

1. Defendant was permitted to treat plaintiff's motion for summary judgment as a response to its motion to dismiss. In considering the government's motion to dismiss, the court accepts plaintiff's pleadings as true, and draws all reasonable inferences from the pleadings in his favor. *See Papasan v. Allain,* 478 U.S. 265, 283,

106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Additionally, pro se pleadings are held to a "less stringent standard" than those presented by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2. "Convening authority" refers to the officer entitled by 10 U.S.C. § 822 (1998) to convene a

confinement to 75 years and credited Garcia's time in pre-trial confinement, from October 9, 1997 to March 15, 1998, toward his final confinement sentence. His conviction was reviewed and affirmed by the Navy Marine Corps Court of Criminal Appeals. *See United States v. Garcia*, 57 M.J. 716 (N.M.C.C.A.2002).[3]

On November 10, 1997, when Garcia's enlistment contract expired, the USMC ceased paying Garcia's salary. Plaintiff contends the military should have continued to pay him for his time in confinement until the date of his trial and now owes him his back pay and allowances for that period. Plaintiff filed his complaint on August 22, 2002.

## DISCUSSION

The Tucker Act grants this court jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States ..." 28 U.S.C. § 1491(a)(1) (Supp.2003). Therefore, to bring suit in this court, a plaintiff must point to some constitutional, statutory, or other regulatory authority which grants a right to payment from the government. *See Anderson v. United States*, 54 Fed.Cl. 620, 624 (2002) (citing *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002 (1967)). Plaintiff correctly asserts that 37 U.S.C. § 204(a) (2001)[4] provides the statutory authority granting him rights to payment for military service under normal circumstances. We thus have subject matter jurisdiction over his claim.

The question presented is whether plaintiff's right to pay continued during his confinement, despite the termination of his enlistment and his subsequent conviction. Defendant contends that the question is answered explicitly and in the negative in the Department of Defense Financial Management Regulation ("DODFMR"),[5] which details rights to military pay. Specifically, DODFMR 030207.D[6] provides that, "If a member is confined awaiting court-martial trial when the enlistment expires, pay and allowances end on the date the enlistment expires. If the member is acquitted when tried, pay and allowances accrue until discharge." This regulation is squarely on point. If it is enforceable, it bars plaintiff from recovery.

Prior to this rule's codification into the Department of Defense Pay Manual ("DODPM"), the same principle was accepted by the Comptroller General in 1932, when he advised that service members confined awaiting trial are not entitled to pay and allowances upon expiration of their enlistment. *See* 11 Comp. Gen. 342, 344 (1932). This rule was reaffirmed in 1951:

> Hence, it is concluded that the said provisions do not require any change in the rule that the pay and allowances of an enlisted person whose term of enlistment expires while he is in confinement, awaiting trial by court martial, terminate on the date of the expiration of his term of enlistment unless he is acquitted, in which event pay and allowances accrue until he is discharged.

30 Comp. Gen. 449, 451 (1951). Our predecessor court, relying on these Comptroller General decisions, upheld the above rule in *Moses v. United States*, 137 Ct.Cl. 374, 380,

general court-martial. The sentence must be reported to the convening authority promptly after announcement by the court-martial in order for the convening authority to take action on ("approve, disapprove, commute, or suspend the sentence in whole or in part") the sentence. 10 U.S.C. § 860(a)-(c)(2).

3. Defendant indicates that Mr. Garcia has petitioned for review in the Court of Appeals for the Armed Forces.

4. 37 U.S.C. § 204(a) (2001) states, "The following persons are entitled to the basic pay of the

pay grade to which assigned or distributed, in accordance with their years of service computed under section 205 of this title—(1) a member of a uniformed service who is on active duty ..."

5. DODFMR was previously named the Department of Defense Pay Manual. The manual has not only been renamed, but the regulations have been renumbered as well.

6. Previously Department of Defense Pay Manual § 10317.d

1957 WL 8298 (1957). At some point it was adopted in regulatory form as part of the DODPM and was codified in 1987. The DODFMR was adopted in 1996 and so applied at the time Garcia's confinement began in 1997.

Plaintiff contends the DODFMR regulation is fatally inconsistent with various controlling pay statutes. His argument is founded on 37 U.S.C. § 204(a), pursuant to which members of "a uniformed service who [are] on active duty" are entitled to basic pay and allowances "in accordance with their years of service." Plaintiff contends that he remained on active duty during his confinement, despite the lapse of his enlistment. We disagree.

Active duty is defined by 37 U.S.C. § 101(18) (2001) as:

> [F]ull-time duty in the active service of a uniformed service and includes full-time training duty, annual training duty, full-time National Guard duty, and attendance, while in the active service, at a school designated as a service school by law or by the Secretary concerned.

Perhaps it is not surprising, and thus not telling, that confinement awaiting trial is not listed as an independent form of active duty. What is telling is the fact that 10 U.S.C. § 972 (1998) states that an enlisted member must make up any time spent in confinement in relation to a trial, regardless of whether it is before, during, or after the trial. *See* 10 U.S.C. § 972(a)(3). Even during an enlistment period, therefore, service members are not given credit toward active duty and must make up any time spent in confinement in connection with trial. Plaintiff's enlistment, of course, had expired. The inevitable inference is that confinement, particularly after expiration of an enlistment, is not "active duty."

This court has relied on DODFMR 030207.D in *Paalan v. United States,* 51 Fed. Cl. 738, 746 (2002). The court stressed that such a regulation does not interfere with an active duty service member's right to receive pay until the expiration of enlistment, regardless of the outcome of any pending charges, unless a sentence includes forfeiture of pay. *See id.* (citing *Graham v. United States,* 36 Fed.Cl. 430, 432–33 (1996)). The court concluded that involuntary extension of a service member to keep him subject to the UCMJ is not an extension of the enlistment contract and therefore does not create a right to "active duty" pay. Instead, when a DODFMR regulation is applicable, it "supplants the [government's] liability to pay active-duty service members." *Paalan,* 51 Fed.Cl. at 745 (citing *Dock v. United States,* 46 F.3d at 1091–92).

In *Dock v. United States,* 46 F.3d 1083 (Fed.Cir.1995), plaintiff's first military conviction had been overturned on appeal. On retrial, he was convicted once again and proceeded to serve his sentence. The pay to which plaintiff claimed an entitlement was for the period he was confined after the first conviction was overturned and before the second conviction ensued. It was during that interim period that his enlistment expired. The Federal Circuit held that none of the period of confinement could be regarded as full-time duty in the active service. *Id.* at 1091. The court relied in part on the predecessor to DODFMR 030207.C,[7] a regulation similar to DODFMR 030207.D,[8] finding that it was consistent with applicable statutory provisions.

As defendant correctly points out, the rule recognized in DODFMR 030207.E,[9] a sister regulation, has also been repeatedly upheld as a valid implementation of controlling stat-

---

7. The regulation at the time was DODPM § 10317.c

8. DODFMR 030207.C states a service member is not entitled to pay beyond the expiration of enlistment when being retained in the service for purposes of a court-martial trial, unless the member is acquitted or charges are dropped. 030207.D addresses the same situation, but pertains explicitly to those members held in confinement during that pre-trial period.

9. DODFMR 030207.E states, "if a member is confined serving court-martial sentence when the enlistment expires, pay and allowances end on the date the enlistment expires unless the sentence is completely overturned or set aside as specified in section 4809. They will not accrue again until the date the member is restored to a full-duty status."

utes. *See, e.g., Anderson v. United States,* 54 Fed.Cl. at 627 (service members are not entitled to pay after their enlistment expires while in confinement serving a court-martial sentence which is "neither overturned nor set aside.") (quoting *Knight v. United States,* 26 Cl.Ct. 328, 330 (1992));[10] *Reed v. United States,* 23 Cl.Ct. 517 (1991).

To the extent that plaintiffs have been successful in similar sounding circumstances, the result here is distinguishable. *See, e.g., Rhoades v. United States,* 229 Ct.Cl. 282, 668 F.2d 1213 (1982) (plaintiff's first conviction, for which he was being held when his enlistment expired, was later overturned); *Cowden v. United States,* 220 Ct.Cl. 490, 600 F.2d 1354 (1979) (reversal of court martial convictions); *Dickenson v. United States,* 163 Ct. Cl. 512 (1963) (term of enlistment expired before court martial initiated, indicating the serviceman was held for the military's convenience); *Graham v. United States,* 36 Fed. Cl. 430 (1996) (only term of service had expired and term of service not found to be equivalent to term of enlistment).[11]

■ Plaintiff also attempts to assert that, because he was subject to military justice

---

**10.** Plaintiff cites *Anderson* to support the contention that his time in confinement was for the government's convenience and not to serve part of his sentence. This overlooks the fact that the court came to the same conclusion advanced by the defendant here-namely, that only a subsequent acquittal would result in such a characterization. *Anderson v. United States,* 54 Fed.Cl. at 627-28. Only if there had been no conviction *and* if the serviceman had been held beyond his expiration date would the confinement have been for the government's convenience. As defendant points out, here the convening authority credited Garcia's 160 days spent in pretrial confinement toward his court-martial confinement sentence, further evidencing that the time in question was served in connection with his sentence.

**11.** The government suggests that another decision cited by plaintiff, *Jagnandan v. United States,* 17 Cl.Ct. 107, 113 (1989), is distinguishable in that some of the charges against plaintiff were reversed. That fact was not cited by the court as relevant, however, to the Army's continuance of pay during confinement, but after the expiration of his term of enlistment. What would seem distinguishing from the present circumstances is that DODFMR 030207.D was not applicable. Instead, plaintiff, a reserve officer, was subject to Department of Defense Military Pay and Allowances Entitlement Manual ¶ 10,318:

---

pursuant to 10 U.S.C. § 802,[12] he is perforce on active duty and hence entitled to pay. We disagree. Merely being subject to military justice does not entitle one to military pay. Persons convicted and imprisoned pursuant to the Uniform Code of Military Justice are often confined well beyond the expiration of their term of service. *See Dock,* 46 F.3d at 1090 (citing *Gorko v. Commanding Officer, Second Air Force, Shreveport, La.,* 314 F.2d 858, 860 (10th Cir.1963)).

In addition, plaintiff claims that he was still on active duty because he was never discharged properly from the service pursuant to 10 U.S.C. § 1168(a). That section provides that a service member is not discharged from active duty until the member's discharge certificate and final pay are ready to be delivered to that member or their next of kin. *See* 10 U.S.C. § 1168(a). An argument similar to plaintiff's was addressed in *Reed,* 23 Cl.Ct. at 519–20. We held there that § 1168 does not provide an independent basis for concluding that a service member is on active duty, once the term of enlistment has expired. *See id.* at 520. The question here, in any event, does not turn on dis-

A Reserve officer whose term of active service expires while confined as a result of court-martial action continues to be entitled to pay and allowances, except when forfeited under an approved sentence of a court-martial or a period of service is terminated by proper orders.

**12.** 10 U.S.C. § 802(a) and (c), in relevant part state,

(a) The following persons are subject to [the Uniform Code of Military Justice]: (1) Members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment ... (7) Persons in custody of the armed forces serving a sentence imposed by a court-martial... (c) Notwithstanding any other provision of law, a person serving with an armed force who(1) submitted voluntarily to military authority; (2) met the mental competency and minimum age qualifications of sections 504 and 505 of this title at the time of voluntary submission to military authority; (3) received military pay or allowances; and (4) performed military duties; is subject to this chapter until such person's active service has been terminated in accordance with law or regulations promulgated by the Secretary concerned.

charge from the service but entitlement to pay. The two are not synonymous. Even if plaintiff had not yet been formally processed for discharge, and despite the fact that he was subject to military justice, he was not on active duty and was beyond his enlistment period.

Plaintiff also points to 10 U.S.C. § 857(a), which states, in relevant part, that any forfeiture of pay or allowances or reduction in grade which is part of a court-martial sentence begins fourteen days after the sentence is handed down or upon the approval of the convening authority, whichever is first. Plaintiff claims he should not have had to surrender pay until, at the earliest, April 1, 1998, fourteen days after he was sentenced by the court martial. The loss of pay about which plaintiff complains, however, was triggered by the expiration of his term of service, independently of the court martial sentence. Our predecessor court reviewed this issue in *Moses,* 137 Ct.Cl. 374. Plaintiff in that case claimed he was entitled to pay and allowances from the end of his enlistment until a second trial was held[13] because he was not discharged from the service in the interim. The court did not accept this view and held, "when an enlisted person is in confinement awaiting trial at the time his term of enlistment expires, his pay and allowances terminate on the date his enlistment expires unless he is subsequently acquitted." 137 Ct.Cl. at 380 (citing 30 Comp. Gen. 449 (1951)).

The regulation and decisional law are fully consistent with the pay provisions of the DODFMR upon which defendant relies. Pay and allowances only accrue during confinement after the expiration of an enlistment period if the service member is subsequently acquitted or the charges are dropped.

Plaintiff has also moved for the issuance of a protective order preserving any arguments he might later make challenging the validity of the court-martial proceedings. Plaintiff is concerned that withholding his pay has deprived him of his Sixth Amendment right to "counsel of his choice." Pl.'s Opp'n at 5. Questions concerning the validity of the underlying court-martial conviction, however, are properly addressed within the direct appeals process that plaintiff has separately invoked.

### CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted. Mr. Garcia's motions for summary judgment and a protective order are denied. The clerk is directed to dismiss the matter with prejudice. No costs.

---

13. The first sentence was set aside due to an error made during trial.