**Henry Clay PINKNEY, Petitioner,**

v.

**R. H. HILLENKOETTER, Rear Admiral U. S. Navy, Commandant Third Naval District, Respondent.**

**No. M-1978.**

United States District Court
E. D. New York.

June 9, 1955.

John Cye Cheasty, New York City, for petitioner.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Paul Windels, Jr., Asst. U. S. Atty., Brooklyn, N. Y., for respondent.

GALSTON, District Judge.

A writ of habeas corpus issued May 26, 1955, to which the respondent filed a traverse, and a hearing was held before the court on May 31, 1955.

It appears that the petitioner was arrested on March 1, 1955 by agents of the Federal Bureau of Investigation, and turned over to the Naval authorities on the same day. He was confined in the Third Naval District brig to await trial by General Court-Martial on a charge of desertion.

The petitioner claims that he is not subject to the jurisdiction of the Navy in that he was lawfully and duly discharged from service. It is undisputed

that he enlisted in the United States Navy on April 2, 1949 for a period of three years, and that his enlistment was extended for one additional year so as to run to April 2, 1953. The petitioner was transferred from the United States Naval Barracks at Annapolis, Md. with orders to report to the United States Naval Receiving Station at Norfolk, Virginia, on August 30, 1952. The petitioner did not report and remained absent without leave. A charge of desertion has been preferred against petitioner specifying absence from August 30, 1952 until March 1, 1955. Pending a trial before the General Court-Martial by the respondent herein, the issue to be determined on this petition is whether the petitioner is presently subject to Naval jurisdiction.

The petitioner testified that he returned to Navy control at Norfolk on September 29, 1952, at which time a charge of desertion was preferred against him; that he pleaded guilty before a General Court-Martial on October 15, 1952; that he was sentenced to a Bad Conduct Discharge, which was executed December 29, 1952. His contention, therefore, is that by reason of that discharge he is no longer subject to Naval discipline.

The respondent presents a situation that discloses that the petitioner was never separated from the Naval service since his desertion on August 30, 1952, and that consequently the petitioner remains under Naval jurisdiction and is subject to the provisions of Article 2 of the Uniform Code of Military Justice, 50 U.S.C.A. § 552. That article reads in part as follows:

"Art. 2. *Persons subject to the code.*

"The following persons are subject to this Code:

"(1) All persons belonging to a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment; * * *."

The petitioner failed to produce any documents which he would have received in connection with his Bad Conduct Discharge. In short, he failed to produce by document or witness any proof corroborating the story that he was discharged from the Navy. Respondent's proof that there is no record that petitioner was given any type of discharge following his enlistment, nor indeed that the petitioner had been tried by a General or Special Court-Martial while in the Naval service, must prevail over the petitioner's own but uncorroborated testimony. The burden of proof is on petitioner to show that he is being illegally restrained, Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830.

In consequence the writ is vacated and the petition dismissed.

Settle order.