**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL W. FRICKE,

    Petitioner-Appellant,

    v.

SECRETARY OF THE NAVY;
COMMANDANT, United States
Disciplinary Barracks, Ft.
Leavenworth, Kansas,

    Respondents-Appellees.

No. 06-3240

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 03-CV-3412-RDR)**

---

Terence A. Lober (Thomas M. Dawson on the briefs), Leavenworth, Kansas, for
Petitioner-Appellant.

Major Anthony C. Williams, Department of Navy, Office of Judge Advocate
General, District of Columbia (Eric F. Melgren, United States Attorney, and
Jackie A. Rapstine, Assistant United States Attorney, Topeka, Kansas, on the
briefs), for Respondents-Appellees.

---

Before **HARTZ**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Petitioner is a military prisoner who was convicted in a court-martial proceeding of committing the premeditated murder of his wife in violation of Article 118(1) of the Uniform Code of Military Justice, 10 U.S.C. § 918(1). He filed a petition in the district court seeking habeas relief under 28 U.S.C. § 2241 and mandamus relief[1] under 28 U.S.C. § 1361, contending that the military lacked jurisdiction over him at the time of his court-martial. The district court denied his application for habeas corpus and mandamus relief, and this appeal followed.

Petitioner was commissioned an officer in the United States Navy on April 22, 1978. In 1992 and again in the spring of 1993, he was considered and not selected for promotion. As a twice passed-over officer, Petitioner fell within the involuntary separation provision of 10 U.S.C. § 632, and he was informed that he would receive an involuntary discharge unless he requested retirement or was selected for and accepted continuation on active duty. Because he did not request retirement and refused to accept continuation, Petitioner claims that he should have been discharged on December 1, 1993. However, on December 1, 1993, Petitioner had been in military custody for almost three months, having been taken into pre-trial confinement on October 8, 1993. No action was taken to discharge Petitioner from the Navy. Instead, a general court martial was

---

[1] Specifically, Petitioner sought an order requiring military authorities to change his service record to show that he was involuntarily and honorably separated from the service on December 1, 1993, to expunge his military conviction, and to restore all rights.

convened against Petitioner on February 9, 1994. Petitioner subsequently pled guilty and was convicted of violating Article 118(1).

On May 7, 2003, Petitioner submitted a writ of error *coram nobis* to the Court of Appeals for the Armed Forces (CAAF), arguing that "the general court-martial lacked jurisdiction over him because Petitioner was statutorily required to be separated from the U.S. Navy at the time of court-martial." (Petition for Extraordinary Relief at 2, Appellees' App. at 75.) In response, the court issued a one-page order stating that "[o]n consideration of the petition for extraordinary relief in the nature of a writ of error coram nobis," the petition was denied. (Order at 1, Appellant's App. at 142.)

Plaintiff then filed the instant petition in the district court, again arguing that the general court-martial lacked jurisdiction over him because he should have been separated from the Navy pursuant to § 632. In response, Respondents argued, inter alia, that the district court should not review this claim because the military courts had given full and fair consideration to the claim. The district court agreed and held that relief should be denied on this ground. The court also concluded that Petitioner was not entitled to relief on the merits of his claim because he had not actually been discharged from military service and, moreover, because 10 U.S.C. § 639 provides that an officer may be continued on active duty when an action has been commenced against him with the view of trying him by court-martial. The court therefore denied Petitioner's request for habeas and

mandamus relief.

We review the district court's denial of habeas relief de novo. *Monk v. Zelez*, 901 F.2d 885, 888 (10th Cir. 1990). We also review de novo the district court's legal determination that the conditions for issuing a writ of mandamus were not satisfied. *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995). However, the scope of our review of the court-martial proceeding itself is the subject of some debate. Respondents assert that the CAAF gave full and fair consideration to Petitioner's jurisdictional claim and therefore that we should not reach the merits of the issue; Petitioner contends that the CAAF's summary disposition of his writ does not constitute full and fair consideration. We conclude that both parties' arguments are based on an incorrect reading of our cases.

"[C]ourts-martial are tribunals of special and limited jurisdiction whose judgments, so far as questions relating to their jurisdiction are concerned, are always open to collateral attack." *Givens v. Zerbst*, 255 U.S. 11, 19 (1921). Traditionally, civil review of court-martial proceedings was limited to the question of jurisdiction. *See United States v. Grimley*, 137 U.S. 147, 150 (1890) ("The single inquiry, the test, is jurisdiction."). In *Burns v. Wilson*, 346 U.S. 137, 142 (1953), the Supreme Court extended the scope of civil review of court-martial proceedings, holding that civil courts could consider constitutional claims regarding such proceedings if the military courts had not "dealt fully and fairly"

with such claims.

After *Burns*, we held that the Court had not changed preexisting law on the scope of our review of jurisdictional issues. *See King v. Moseley*, 430 F.2d 732, 734 (10th Cir. 1970) ("In *Burns v. Wilson*, the Court enunciated the rule that the limited function of the civil courts in reviewing a military conviction on a petition for a writ of habeas corpus, in addition to the jurisdictional issues under the prior rule, is to determine whether the military gave fair consideration to each of the petitioner's constitutional claims.") (citation omitted); *see also Monk*, 901 F.2d at 888 ("In this circuit, we have interpreted this language to limit our review of military convictions generally to jurisdictional issues and to determination of whether the military gave fair consideration to each of the petitioner's constitutional claims."). However, subsequent cases in which only constitutional claims were raised have led to broad statements to the effect that any claim that has received full and fair consideration by the military courts is beyond the scope of federal review. *See, e.g., Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993) (stating, in a case challenging evidentiary rulings and prosecutorial statements, that "if the military gave full and fair consideration to claims asserted in a federal habeas corpus petition, the petition should be denied"). By ignoring the separate basis for civil review of jurisdictional issues, these cases have generated confusion regarding whether the *Burns* standard applies to jurisdictional claims as well. We now reiterate that our

-5-

review of military convictions is limited "generally to jurisdictional issues *and* to determination of whether the military gave fair consideration to each of the petitioner's constitutional claims," *Monk*, 901 F.2d at 888 (emphasis added), and we clarify that our review of jurisdictional issues is independent of the military courts' consideration of such issues.

Accordingly, we now turn to the merits of Petitioner's jurisdictional claim. Petitioner does not contend that any discharge paperwork or processing had been initiated or completed prior to his court martial. Rather, he argues that because he should have been discharged from the service on December 1, 1993, the general court martial convened on February 9, 1994, lacked jurisdiction over him. We disagree.

"[A]ll servicemen, 'including those awaiting discharge after expiration of their terms of enlistment' are subject to the Code of Military Justice." *Desjardins v. Department of Navy*, 815 F. Supp. 96, 98 (E.D.N.Y. 1993) (quoting 10 U.S.C. § 802(a)(1)). By statute, "[a] member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative." 10 U.S.C. § 1168(a). In *Dickenson v. Davis*, 245 F.2d 317, 319 (10th Cir. 1957), we rejected as "ingenious but unsound" a military prisoner's argument that he had regained civilian status as a matter of law and was therefore not subject to

military discipline because his enlistment term had expired and the Army had failed to act upon his formal request for discharge. We are likewise unconvinced by Petitioner's argument that § 632 causes an officer to regain civilian status as a matter of law if the officer has not sought retirement or accepted continuation on active duty. Nothing in § 632 provides that officers falling under this section will be automatically discharged, nor does § 632 provide that discharge under this section need not comply with the dictates of § 1168.

Whether Respondents should have discharged Petitioner or not, the fact remains that Petitioner was not discharged. *See Dickenson*, 245 F.2d at 319 ("Service in the military, whether by enlistment or otherwise, creates a status which is not and cannot be severed by breach of contract unfortified by a proper authoritative action."). Because he was not discharged, Petitioner remained in military service and was subject to the Uniform Code of Military Justice. We therefore hold that the military had jurisdiction to try and convict Petitioner. *See Solorio v. United States*, 483 U.S. 435, 450-51 (1987). Accordingly, we affirm the district court's denial of habeas and mandamus relief. Because we affirm the district court on this ground, we need not consider whether § 639 also provided a basis for court-martial jurisdiction over Petitioner.

**AFFIRMED.**