**UNITED STATES COURT OF APPEALS**

**March 11, 2008**

**TENTH CIRCUIT**

SALVADOR DIAZ,

Petitioner-Appellant,

v.

MARK S. INCH,

Respondent-Appellee.

No. 07-3302
(Case No. 5:06-CV-3306-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Petitioner, a federal military prisoner proceeding pro se, appeals the district

court's dismissal of his 28 U.S.C. § 2241 habeas petition. A general court-martial

found Petitioner guilty of multiple charges of rape and indecent acts with his

twelve-year old daughter. He was sentenced to confinement for nine years,

reduction in paygrade, forfeiture of all pay and allowances, and a dishonorable

discharge from the United States Navy. As more thoroughly described in the

district court's order, his attempts to obtain relief in the Navy–Marine Court of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Criminal Appeals and the Court of Appeals for the Armed Forces were ultimately unsuccessful.

In his habeas petition, Petitioner raised ten grounds for relief. Two grounds alleged that the military appellate courts used the wrong standard of review or erred in applying the standard of review when considering his claims. The district court concluded that these grounds did not raise separate claims for relief. The court also concluded that Petitioner had waived a third ground for relief by failing to present it to the military courts. *See Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). As for the remaining seven grounds, the court found that "the military courts considered these claims and applied appropriate legal standards to issues involving mixed questions of fact and law, and [P]etitioner makes no convincing argument to the contrary." (R. Doc. 19 at 6.) The court therefore concluded that these claims had been fully and fairly reviewed by the military courts and that any further review by the district court would be inappropriate. *See Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993). The district court accordingly dismissed the action and denied Petitioner's motion for summary judgment as moot.

We review de novo a district court's denial of habeas relief. *Fricke v. Sec'y of Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007). Like the district court, "our review of military convictions is limited generally to jurisdictional issues *and* to determination of whether the military gave fair consideration to each of the

-2-

petitioner's constitutional claims." *Id.* at 1290 (internal quotation marks omitted).

After reviewing Petitioner's brief and conducting a de novo review of the record, we agree with the district court's determination that two of Petitioner's stated grounds for relief did not raise separate claims for relief, a third ground was waived, and the remaining seven grounds were given full and fair consideration by the military courts.[1]  Therefore, for substantially the same reasons set forth in the district court's order, we **AFFIRM** the dismissal of this action and denial of Petitioner's motion for summary judgment.[2]

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] Although the habeas petition purported to raise one jurisdictional claim, we conclude that the petition did not present any actual jurisdictional issues and therefore that the district court correctly applied the full and fair consideration standard to Petitioner's claims.  In Ground One of his petition, Petitioner claimed that the general court-martial lacked jurisdiction because the charges against him were referred to the court-martial in violation of Article 32 of the Uniform Code of Military Justice, 10 U.S.C. § 832.  However, Article 32 specifically provides that failure to follow the requirements of this article "does not constitute jurisdictional error."  10 U.S.C. § 832(e).  Because the claimed Article 32 error therefore could not give rise to a jurisdictional claim, the district court did not err in applying the full and fair consideration standard to this issue.

[2] Under the circumstances of this case, we see no error in the district court's decision to dispose of Petitioner's motion for summary judgment in its order dismissing the case.