**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARCUS L. WILLIAMS,

      Petitioner - Appellant,

v.

COLONEL TIMOTHY
WEATHERSBEE, Commandant,
United States Disciplinary Barracks,
Fort Leavenworth, Kansas;[*] JUDGE
ADVOCATE GENERAL OF THE
UNITED STATES AIR FORCE,

      Respondents - Appellees.

No. 07-3339
(D.C. No. 5:07-CV-03018-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[**]

---

[*]Petitioner originally named Colonel Mark S. Inch, the Commandant of the Disciplinary Barracks, as a respondent. Based upon Respondents' assertion to the district court, however, Colonel Weathersbee has succeeded Colonel Inch as the Barracks' commandant. Pursuant to Fed. R. App. P. 43(c), therefore, we order that Colonel Weathersbee replace Colonel Inch as a respondent-appellee. Furthermore, because "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242), the Judge Advocate General is not a proper party to this case. We, therefore, dismiss the Judge Advocate General.

[**]After examining appellant's brief and the appellate record (appellees have elected not to file a brief), this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

While serving in the United States Air Force, Petitioner-Appellant Marcus L. Williams was charged under the Code of Military Justice with 1) unlawfully entering a dwelling with the intent to commit a crime, 2) assault, 3) stealing a firearm, 4) unlawfully transporting that firearm in interstate commerce, 5) desertion, and 6) passing four fraudulent checks. Williams pled guilty to each of these charges except unlawfully entering a dwelling with the intent to commit a crime. A general court-martial convicted him of that charge.[1] As a result of these convictions, Williams was sentenced to nine years' confinement, a dishonorable discharge, and a reduction in rank to E-1, or airman basic.

In this action, Williams seeks habeas relief under 28 U.S.C. § 2241 from these convictions and his sentence. Having jurisdiction to consider this appeal under 28 U.S.C. § 1291, we AFFIRM the district court's decision to deny Williams § 2241 relief.[2]

---

[1]Although Williams pled guilty to assault, the court-martial convicted him of aggravated assault, i.e., pointing a loaded firearm at the victim. On appeal, however, the United States Air Force Court of Criminal Appeals held there was insufficient evidence presented at the court-martial to establish that the weapon Williams pointed at the victim was loaded. Therefore, the military appellate court reduced Williams' conviction for aggravated assault to assault with an unloaded firearm, and accordingly reduced his confinement from ten to nine years.

[2]The district court granted Williams leave to proceed on appeal in forma
(continued...)

"We review the district court's denial of habeas relief de novo." Fricke v. Sec'y of Navy, 509 F.3d 1287, 1289 (10th Cir. 2007). However, "our review of military convictions is limited generally to jurisdictional issues and to determination of whether the military gave full consideration to each of petitioner's constitutional claims." Id. at 1290 (quotation omitted).

Liberally construing Williams' pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), in this § 2241 action, he challenges only the court-martial's jurisdiction to try him. "'Courts-martial are tribunals of special and limited jurisdiction whose judgments, so far as questions relating to their jurisdiction are concerned, are always open to collateral attack.'" Fricke, 509 F.3d at 1289 (quoting Givens v. Zerbst, 255 U.S. 11, 19 (1921)).

"[T]he proper exercise of court-martial jurisdiction over an offense [turns] on one factor: the military status of the accused." Solorio v. United States, 483 U.S. 435, 439 (1987); see also id. at 439-41, 450-51. Williams contends that,

---

[2](...continued)
pauperis. See 28 U.S.C. § 1915. At the time he filed his habeas petition, Williams was incarcerated at the Disciplinary Barracks at Fort Leavenworth. The record indicates that Williams has since been released from confinement. Nevertheless, because federal jurisdiction attached while he was still in custody, that jurisdiction cannot be undone by his subsequent release. See Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998). Nor is his petition seeking § 2241 relief moot because, even if he has completed serving his sentence, he has alleged that he will continue to suffer collateral consequences as the result of his convictions. See Spencer, 523 U.S. at 7-8; Carafas, 391 U.S. at 237-38; United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000).

3

because his military service commitment expired before his court-martial occurred, the court-martial lacked jurisdiction to try him. Williams alleges specifically that his military commitment was scheduled to end on December 28, 2001, and his court-martial did not convene until January 10, 2002. Therefore, he contends that he was no longer in the military at the time of his court-martial, conviction and sentence.

It is well-settled, however, that the military's jurisdiction over a servicemember, once established while he is still a member of the military, continues past the scheduled expiration of his military commitment. See Smith v. Vanderbush, 47 M.J. 56, 57-58 (C.A.A.F. 1997); see also Rule 202(c), Manual for Courts-Martial, 49 Fed. Reg. 17152 (April 13, 1984).[3] Williams was apprehended by military police in June 2001. He was charged on September 20, 2001. And he

---

[3]Rule 202(c) provides:

(1) In general. Court-martial jurisdiction attaches over a person when action with a view to trial of that person is taken. Once court-martial jurisdiction over a person attaches, such jurisdiction shall continue for all purposes of trial, sentence, and punishment, notwithstanding the expiration of that person's term of service or other period in which that person was subject to the code [of military justice] or trial by court-martial. When jurisdiction attaches over a servicemember on active duty, that servicemember may be held on active duty over objection pending disposition of any offense for which held and shall remain subject to the code during the entire period.

(2) Procedure. Actions by which court-martial jurisdiction attaches include: apprehension; imposition of restraint, such as restriction, arrest, or confinement; and preferral of charges.

4

was, on November 20, 2001, referred for trial on those charges. The military's jurisdiction to court-martial Williams, therefore, was established prior to the scheduled expiration of his military commitment, on December 28, 2001.[4]

Williams further argues, however, that the Air Force failed to take the affirmative administrative steps necessary to continue his military service past the date it was scheduled to expire.[5] He thus contends that he automatically ceased to be in the military before his court-martial convened.

We rejected a similar argument in Fricke. There, the prisoner, an officer, was subject to involuntary separation from military service after having twice been passed over for promotion. See Fricke, 509 F.3d at 1288 (citing 10 U.S.C. § 632). Before the date on which he was to be discharged, however, he was taken into pre-trial confinement on charges for which he was later court-martialed. See

---

[4]The federal Court of Claims reached this same conclusion in a separate action Williams commenced seeking pay for his unused leave.

[5]Williams specifically alleges, among other things, that the Air Force failed to follow its own regulations necessary to extend his service and failed to notify the Flight Command support staff that it was extending William's term of service. Further, he asserts that the Air Force failed to follow its administrative procedures specifically applicable when a servicemember is awaiting court-martial, in order to ensure that the Air Force does not administratively discharge that servicemember before the court-martial occurs. Williams contends that these administrative defects are proven by the fact that his later discharge certificate does not indicate that his military service was extended "at the request and of the convenience of the government," and because Williams' court-martial took judicial notice of the fact that his military service ended prior to the court-martial.

5

id. Fricke argued that "the general court-martial lacked jurisdiction over him because Petitioner was statutorily required to be separated from the U.S. Navy at the time of the court-martial." Id. (quotation omitted); see also id. at 1290. This court rejected the argument that Fricke had been "automatically" discharged at the time of his court-martial:

> By statute, "[a] member of an armed force may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative." 10 U.S.C. § 1168(a).

Fricke, 509 F.3d at 1290. This court thus concluded that, "[w]hether Respondents should have discharged Petitioner or not, the fact remains that Petitioner was not discharged." Id. "Because he was not discharged, Petitioner remained in military service and was subject to the Uniform Code of Military Justice. We therefore hold that the military had jurisdiction to try and convict Petitioner." Id.

In reaching this conclusion in Fricke, this court relied upon Dickenson v. Davis, 245 F.2d 317 (10th Cir. 1957). See Fricke, 509 F.3d at 1290. Like Fricke, the prisoner in Dickenson argued that he had automatically been discharged, as a matter of law, before his court-martial occurred. See Dickenson, 245 F.2d at 318-19. In that case, Dickenson had returned to the United States after having been a prisoner of war. See id. He "recognize[d] that he was subject to full military control up to the date of his return to [the] continental United States and for a sufficient time thereafter for the Army to routinely effectuate a discharge."

6

Id. at 318-19.  He argued, however, that "the lapse of sixty days during which his requested discharge was not granted" meant that "he regained civilian status as a matter of law and was no longer subject to military control for the purpose of a court martial."  Id.  This court rejected that "ingenious but unsound" argument because, "[a]t the time appellant was accused he had neither been discharged in accordance with" the relevant statutes "nor had his military status been severed under other authority or by judicial action. . . .  The status of the accused as a soldier was unbroken."  Id.  The same is true for Williams.

Williams' case is thus distinguishable from the authority on which he relies, Smith v. Vanderbush, 47 M.J. 56 (C.A.A.F. 1997).  There, the court-martial did lack jurisdiction over the accused because he had already been affirmatively discharged; that is, his final pay had been calculated and a discharge certificate issued.  See id. at 56, 58.  Williams was not affirmatively discharged until several years after his court-martial, in October 2004, when his conviction and sentence became final.  See 10 U.S.C. §§ 1167-68; see also id. § 871; Fricke, 509 F.3d at 1290.

For these reasons, the court-martial had jurisdiction to try Williams in January 2002.  We, therefore, AFFIRM the district court's decision denying Williams § 2241 relief.[6]  His motion filed with this court seeking a "preliminary

_____

[6]To the extent that Williams is also challenging the district court's decision to deny him a preliminary and permanent injunction, we AFFIRM that decision as
(continued...)

7

and permanent injunction for the district court order sustaining an accurate and complete statutory settlement of final payment" is DENIED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---