FILED
United States Court of Appeals
Tenth Circuit

October 14, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMOTHY D. SAMPLES,

                  Petitioner-Appellant,

    v.

RON WILEY, Warden, Federal Prison
Camp,

                  Respondent-Appellee.

No. 09-1257

(D. of Colo.)

(D.C. No. 09-cv-569-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Timothy D. Samples, a federal prisoner proceeding pro se, appeals the

district court's denial of his petition for a writ of habeas corpus under

28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we

AFFIRM the ruling of the district court.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

Samples is currently serving a fifty-one month prison sentence in the custody of the United States Bureau of Prisons (BOP) in Florence, Colorado. Taking into account good-conduct time, his projected release date is May 3, 2010. This § 2241 habeas petition relates to Samples's desire to be placed immediately into a Residential Reentry Center (RRC or halfway house) for a twelve-month period.

In his petition, Samples asserts that the BOP denied him a twelve-month placement in an RRC, despite the fact that he completed the Residential Drug Abuse Treatment Program (RDAP) on March 3, 2009. Samples contends that, pursuant to 42 U.S.C. § 17541(a)(2)(A) and 18 U.S.C. § 3624(c), his completion of the RDAP entitles him to be considered for a twelve-month placement in a halfway house. He also asserts that, in violation of 18 U.S.C. § 3624(c) and 18 U.S.C. § 3621(e)(2)(B), the BOP never places prisoners, including those who complete the RDAP, in RRCs for more than six months. Further, Samples asserts that it would have been futile for him to attempt to exhaust his administrative remedies, because the BOP administrative procedure would not have been completed in time for him to be awarded a twelve-month placement in an RRC.

The BOP administrative remedy procedure permits inmates to seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a). A set of regulations, 28 C.F.R. §§ 542.10–542.19, governs the BOP

administrative process. Under the BOP procedure, prisoners must first present their complaints to prison staff informally. *See* 28 C.F.R. § 542.13. If inmates are unable to resolve their issues informally, they may file formal administrative remedy requests, generally with the wardens of the facilities where they are incarcerated. *See* 28 C.F.R. § 542.14. If prisoners are unsatisfied with the responses they receive from the wardens, they may file an appeal with the appropriate regional director. *See* 28 C.F.R. § 542.15. Finally, if inmates are dissatisfied with the responses of the regional directors, they may file an appeal with the general counsel. *See id.*

The government presents evidence that Samples has initiated the formal BOP administrative procedure three times since his incarceration began. None of those instances, however, relate to a request for placement at an RRC for a period exceeding six months. Samples concedes that he has not exhausted his administrative remedies with regard to RRC placement.

## II. Discussion

We review the district court's denial of habeas relief de novo, *see Fricke v. Sec'y of the Navy*, 509 F.3d 1287, 1289 (10th Cir. 2007), and construe Samples's pro se petition liberally, *see Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Because Samples is a federal prisoner proceeding under § 2241, he need not obtain a certificate of appealability to appeal the district court's

denial of habeas relief.  *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

Before seeking relief under § 2241, federal prisoners must exhaust their administrative remedies.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  As the Supreme Court has noted, this exhaustion requirement is important because it both protects administrative agency authority and promotes efficiency in adjudicating claims.  *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  Inmates may not exhaust their administrative remedies by failing to employ them.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002) ("[Petitioner] may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default.").  Furthermore, "[a] prisoner cannot manufacture exigency by tarrying."  *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).

While Samples may have colorable arguments supporting his claims, we nevertheless decline to reach them because Samples has failed to exhaust his administrative remedies.  Samples admits that he has not exhausted the BOP administrative process, but asserts that his failure to do so should not bar his petition because such efforts would be futile.  Samples contends that the administrative process is too slow and that it was unlikely that the BOP procedure would have been completed by May 3, 2009, the date upon which Samples would

-4-

have needed to be transferred to an RRC in order to receive a twelve-month RRC placement.

Despite this argument, futility does not excuse Samples's failure to exhaust his administrative remedies. Samples completed the RDAP on March 3, 2009 and desired to be placed in an RRC on May 3, 2009. At a minimum, he had two months with which to engage the BOP administrative procedure. It was entirely possible that Samples could have completed the BOP administrative process during that period. Had Samples pursued his administrative remedies, he may have achieved a result in his favor or otherwise obtained a final determination concerning his RRC-placement request.

Moreover, the record indicates that Samples was aware that he would likely only receive a six-month placement in an RRC long before he completed the RDAP. Samples has not demonstrated, nor has the court found anything to suggest, that he was required to complete the RDAP before requesting a twelve-month placement in an RRC. Had Samples initiated the BOP administrative process prior to completing the RDAP, it is likely that he could have exhausted his administrative remedies and sought judicial review more than a year before his projected release date. Samples's decision to put off engaging the BOP administrative process, and any delay or alleged futility that decision created, does not excuse his failure to exhaust his administrative remedies.

### III.  Conclusion

Accordingly, we AFFIRM the ruling of the district court.  We DENY Samples's motion to proceed *in forma pauperis*.  While Samples has shown a financial inability to pay the required fees, he has not demonstrated a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997).

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge