Marcus L. WILLIAMS, Appellant

v.

DEPARTMENT OF the AIR FORCE
and Michael B. Donley, Secretary
of the Air Force, Appellees.

No. 10–5361.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 18, 2011.

Rehearing En Banc Denied
April 19, 2011.

Marcus L. Williams, Jacksonville, FL, pro se.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: SENTELLE, Chief Judge, and GINSBURG and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed August 26, 2010, be affirmed. Appellant's civil complaint "for declaration of in personam status" challenges the military's jurisdiction to court-martial him, alleging the military prosecutors defrauded the General Court–Martial Board with respect to the involuntary extension of his term of enlistment. The district court correctly noted that the Court of Federal Claims previously decided the Air Force had authority to extend appellant's term of service, over his objection, because court-martial charges had been brought against him before the scheduled end of his enlistment period. In that case, appellant sought back pay and correction of his military records. *Williams v. United States,* 71 Fed.Cl. 194 (2006); *see also Williams v. United States,* 86 Fed.Cl. 594 (2009) (examining preclusive effect of Mr. Williams's prior litigation on claims for income tax refund and rebate). Here, appellant's complaint is an attack on his court-martial conviction, which is a habeas corpus claim over which the United States District Court for the District of Columbia lacked subject matter jurisdiction. *See Williams v. Dep't of the Air Force,* No. 06cv0508, 2007 WL 61876 (D.D.C. Jan.4, 2007) (district court for the District of Columbia lacks subject matter jurisdiction over plaintiff's challenge to his court-martial, which must be construed as a habeas claim even though styled as a complaint for declaratory relief). The United States District Court for the District of Kansas exercised jurisdiction over appellant's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 and rejected that challenge to the court-martial's jurisdiction, and the Court of Appeals for the Tenth Circuit affirmed the decision. *Williams v. Inch,* No. 07–3018–RDR, 2007 WL 6892149 (D.Kan. Sept.26, 2007), *aff'd,* 280 Fed.Appx. 684 (10th Cir.2008). Although appellant continues to protest the rulings against him, this circuit has no authority to review collaterally the decisions of a sister circuit. *See Dynaquest Corp. v. U.S. Postal Serv.,* 242 F.3d 1070, 1075 (D.C.Cir.2001). We modify the district court's order to reflect a dismissal without prejudice for lack of subject matter jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.