**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

MATTHEW EVAN DAVIS, SR.,

    Petitioner - Appellant,

v.

DOUGLAS CURTIS,

    Respondent - Appellee.

No. 24-3166
(D.C. No. 5:24-CV-03074-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Petitioner Matthew Davis is a military prisoner at the United States Disciplinary Barracks in Leavenworth, Kansas. Proceeding pro se,[1] he appeals the district court's denial of his application for a writ of habeas corpus filed under 28 U.S.C. § 2241. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although we "liberally construe" Davis's pro se filings, "we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).

## I.    BACKGROUND

In November 2020, in accordance with a plea agreement, Davis was convicted by a military judge sitting as a general court-martial on three specifications of sexual abuse of a child, two specifications of sexual assault of a child, one specification of battery upon a child under the age of 16, and one specification of possession of child pornography, in violation of Articles 120b, 128, and 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 928, 934. He was sentenced to 20 years' confinement, reduction to the grade of E-1, and a dishonorable discharge. Davis appealed, and the United States Army Court of Criminal Appeals (ACCA) affirmed his convictions and sentence. *See United States v. Davis*, ARMY 20200659, 2022 WL 135317, at *3 (A. Ct. Crim. App. Jan. 14, 2022). He then sought review from the United States Court of Appeals for the Armed Forces (CAAF), but his petition was denied. *See United States v. Davis*, 83 M.J. 26 (C.A.A.F. 2022).

In May 2024 Davis filed his § 2241 application in the United States District Court for the District of Kansas. The district court denied relief. *See Davis v. Curtis*, No. 24-3074-JWL, 2024 WL 4215763 (D. Kan. Sept. 17, 2024).

## II.    DISCUSSION

### A.    Standard of Review

"Federal courts are empowered under 28 U.S.C.  § 2241 to entertain habeas petitions from military prisoners." *Santucci v. Commandant, U.S. Disciplinary Barracks*, 66 F.4th 844, 853 (10th Cir. 2023). But our review "is limited generally to jurisdictional

2

issues and to determination of whether the military gave fair consideration to each of the petitioner's constitutional claims." *Fricke v. Sec'y of Navy*, 509 F.3d 1287, 1290 (10th Cir. 2007) (emphasis and internal quotation marks omitted).

### B.    Jurisdictional Claim

Davis first argues that the court-martial tribunal lacked jurisdiction to try the charges against him. We review the merits of jurisdictional issues "independent of the military courts' consideration of such issues." *Fricke,* 509 F.3d at 1290. Davis acknowledges that although his military term of service was originally scheduled to end on February 1, 2020, it had been extended three times pending the outcome of his court-martial. But he points out that the last extension expired on November 3, 2020—eight days before his court-martial convened. He therefore contends that the military lost jurisdiction over him.

"It is well-settled, however, that the military's jurisdiction over a servicemember, once established while he is still a member of the military, continues past the scheduled expiration of his military commitment." *Williams v. Weathersbee*, 280 F. App'x 684, 686 (10th Cir. 2008) (relying on *Smith v. Vanderbush*, 47 M.J. 56, 57–58 (C.A.A.F. 1997)). In particular, the Rules for Courts-Martial provide:

> Court-Martial jurisdiction attaches over a person when action with a view to trial of that person is taken. Once court-martial jurisdiction over a person attaches, such jurisdiction shall continue for all purposes of trial, sentence, and punishment, *notwithstanding the expiration of that person's term of service*."

R.C.M. 202(c)(1) (emphasis added).

Court-martial jurisdiction over Davis attached when he was initially charged on January 7, 2019, while he was still on active duty, well before the scheduled expiration of his military commitment. *See id.* 202(c)(2) ("Actions by which court-martial jurisdiction attaches include . . . preferral of charges."). Thus, even if his term of service expired before his court-martial convened, the military's jurisdiction to try him continued through the conclusion of the court-martial proceedings.

Davis recognized as much during the court-martial proceedings. Before pleading guilty on November 6, 2020, he stipulated to the following: "The Accused acknowledges that this Court has both personal jurisdiction over the Accused and subject matter jurisdiction over the charged offenses." R. at 713. And during his plea colloquy, after the military judge asked, "Defense, do you know of any impediment to this court's jurisdiction," defense counsel responded, "no—we agree that the court has jurisdiction over the accused." *Id.* at 448–49.

We conclude that the district court properly rejected Davis's jurisdictional claim.

### C.    Non-Jurisdictional Claims

Davis raises several issues that he acknowledges are not jurisdictional. We discuss our standard of review before addressing the specific issues.

#### 1.    *Standard of review*

When considering nonjurisdictional claims, we must first determine whether we may review the merits at all. "A merits review is warranted only if the petitioner shows that the military tribunals failed to consider his claims fully and fairly."

*Drinkert v. Payne*, 90 F.4th 1043, 1046 (10th Cir. 2024) (internal quotation marks omitted). In determining the adequacy of the tribunals' consideration, we address whether the following factors (the *Dodson* factors), have been satisfied: "(1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards." *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670–71 (10th Cir. 2010) (internal quotation marks omitted); *see Dodson v. Zelez*, 917 F.2d 1250, 1252–53 (10th Cir. 1990)). "Satisfaction of each factor is critical to the invocation of our merits review. That is, we cannot grant such review even if just one of the *Dodson* factors is unfavorable to the petitioner." *Drinkert*, 90 F.4th at 1047 (brackets, ellipsis, citation, and internal quotation marks omitted). We review de novo whether the district court properly denied habeas relief under these standards. *See Fricke*, 509 F.3d at 1289.

Davis contends that the *Dodson* test "creates an unconstitutional and self-fulfilling bar to Habeas Corpus . . . that slams the door of Habeas review for all Military Petitioners." Aplt. Br. at 29–30. But "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court," *McCracken v. Gibson*, 268 F.3d 970, 981 (10th Cir. 2001) (internal quotation marks omitted), and Davis does not direct us to any Supreme Court or en banc decision

5

that would allow us to overrule *Dodson*.

### 2.    *Ineffective Assistance of Counsel*

Davis argues that the district court erred in declining to review the merits of his claim that his trial counsel was constitutionally ineffective by failing to advise him that pleading guilty would waive his right to appeal several pretrial rulings. He asserts that this claim was not fully and fairly considered by the military courts. In support he says that although "ACCA identified the correct legal rule for [an ineffective-assistance-of-counsel claim], . . . ACCA *made an unreasonable application* of the legal rule." Aplt. Br. at 56 (emphasis added).

But the fourth *Dodson* factor is whether the military tribunal applied the proper standard, not whether it properly applied that standard. *See Drinkert,* 90 F.4th at 1050. The proper standard for reviewing a claim of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which states that the client "must show [1] that counsel's performance was deficient" and "[2] that the deficient performance prejudiced the defense." Davis concedes that the military tribunals applied that standard. He therefore fails to show that his claim was not fully and fairly considered by the military courts.

### 3.    *Failure to examine exhibit*

Davis contends that the district court erred in declining to address the merits of his claim that the military judge violated his rights when it convicted him of possession of child pornography without viewing the images at issue (the exhibit file was unreadable).

He says that it would have been "impossible" for the court "to give full and fair consideration [to his claim] when the record . . . contains an unreadable exhibit" and "is not complete." Aplt. Br. at 60.

But this argument turned on a question of fact, not an issue of law, because there was evidence in the record that Davis conceded in the court-martial proceedings that the images were child pornography. This failure to establish the second *Dodson* factor precludes our review of this issue.

### 4.    *Motion to Suppress*

Davis argues that the district court erred in dismissing his claim that the military judge improperly denied his motion to suppress evidence of child pornography found on his cell phone. The validity of a search or seizure, however, generally depends on the facts, and Davis has not pointed to an error on an issue of "pure law." *Drinkert*, 90 F.4th at 1048. We therefore cannot review the matter.

### D.    Other Purported Jurisdictional Claims

Finally, Davis raises two additional claims that he contends are jurisdictional. One is a claim that the military judge was biased against him. The other is that his rights were violated when the government withdrew the charges against him and then re-referred the charges so that they could be tried with new additional charges.

Neither claim is jurisdictional. Davis has not countered the government's contention that the military status of the accused is what determines jurisdiction over the offense and jurisdiction of the person. *See Solorio v. United States*, 483 U.S. 435 (1987).

Neither of these purported jurisdictional claims concerns his military status.

Nor can either of these claims survive the *Dodson* test. The question of bias is fact intensive, so the issue cannot survive the second factor. And Davis has not suggested how re-referral raises a question of substantial constitutional dimension, thereby failing the first factor.

### III.     CONCLUSION

We **AFFIRM** the district court's judgment and **DENY** Davis's Motion for Leave to Supplement Brief.

Entered for the Court

Harris L Hartz
Circuit Judge